**OLIVER LAW GROUP, PC**
Brian Tomina, Bar No. 255386
Attorneys for Plaintiff and Proposed Class
950 W. University Drive, #200
Rochester, Michigan  48307
248.327.6556

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DREW YACU,
Individually and on Behalf of All
Others Similarly Situated,

   Plaintiffs,

v.

ALL AMERICAN PHARMACEUTICAL
& NATURAL FOODS, INC;
D/B/A ALL AMERICAN EFX;
DPS NUTRITION, INC.; and
DOE DEFENDANTS 1-250, inclusive,


   Defendants.

Case No.
Hon:

**CLASS ACTION COMPLAINT**

1.  VIOLATIONS OF CALIFORNIA
CIVIL CODE SECTION 1750 ET SEQ.

2.  VIOLATIONS OF CALIFORNIA
BUSINESS & PROFESSIONS CODE
SECTION 17200 ET SEQ.

3.  VIOLATIONS OF STATE
CONSUMER PROTECTION
STATUTES

4. NEGLIGENCE

5.  FRAUD

6.  BREACH OF WARRANTIES

7. INTENTIONAL
MISREPRESENTATION

8.  NEGLIGENT
MISREPRESENTATION

9.  UNJUST ENRICHMENT

**DEMAND FOR JURY TRIAL**

1

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff DREW YACU, ("Plaintiff"), by and through his attorneys OLIVER LAW GROUP, PC, individually and on behalf of all others similarly situated, by their undersigned counsel, allege the following:

## NATURE OF THE ACTION

1. This is a civil class action brought individually by Plaintiff and on behalf of a class of persons similarly situated, ("Class Members"), who purchased the dietary supplement All American EFX Kre-Alkalyn® EFX Creatine from Defendants ("Product").

2. The class members are all persons located within the United States who purchased the Product.

3. Defendants All American Pharmaceutical & Natural Foods, Inc. and d/b/a/ All American EFX (collectively "EFX"), advertises, markets, sells and distributes the Product.

4. Defendant DPS Nutrition, Inc., ("DPS"), is an online retailer of the Product.

5. The dietary supplement industry is a growing and extremely competitive business environment, especially the sports (bodybuilding) supplement segment.

6. Most companies in this segment distort, if not totally ignore, competent and reliable scientific data regarding their Products.

7. The Product is generally categorized as a creatine Kre-Alkalyn® Product (buffered creatine), which falsely claims superior efficacy, reduced side effects, and results compared to creatine monohydrate, the leading and most scientifically supported form of creatine on the market.

2

8.  Creatine Products are a substantial segment of the sports (bodybuilding) supplement segment of the dietary supplement market.

9.  Defendants make numerous false, fraudulent, misleading, and deceptive label claims regarding the Product.

10. Defendant EFX uses several false, fraudulent, misleading, unfair and deceptive claims at the point of purchase for the Product on their website www.aaefx.com. (See Exhibit A).

11. Defendant DPS uses several false, fraudulent, misleading, unfair and deceptive claims at the point of purchase for the Product on their website www.dpsnutrition.net. (See Exhibit B).

12. By Defendants' unfair, deceptive, fraudulent, unfair and misleading practices, Plaintiff and Class Members have been unfairly deceived into purchasing the Product.

13. Defendants charge a premium price for the Product based upon the false, fraudulent, misleading, unfair and deceptive claims.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over all causes of action asserted herein.

15. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class Members in the proposed Class, the combined claims of proposed Class Members exceed $5,000,000 exclusive of interest and costs, and at least one Class Member is a citizen of a state other than Defendants' state of citizenship.

16. Plaintiffs will likely have evidentiary support after a reasonable opportunity for further investigation or discovery regarding Defendant's sales of the Product during the class period.

17. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted herein occurred in this District.  Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendants conduct substantial business in this District, have sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District, through the promotion, sale, and marketing of their Products in this District.

18. Defendants and other out-of-state participants can be brought before this Court pursuant to state and federal law.

## THE PARTIES

19. During the Class period, Plaintiff and Class Members purchased the Product through Defendant EFX's website and/or Defendant DPS's website and/or many different brick/mortar or internet retailers. Plaintiff and Class Members suffered an injury in fact caused by the fraudulent, unfair, deceptive and misleading practices set forth in this complaint.

20. Plaintiff is a resident of the County of Los Angeles, State of California, and the events set forth in this Complaint took place therein, who, in or about December 2011, purchased the Product for his own use, and not for resale, from Defendant DPS's website www.dpsnutrition.net.

21. All American Pharmaceutical & Natural Foods, Inc. is licensed in the State of Montana, with a principal place of business address at 2376 Main Street, Billings, MT 59105.

22. All American EFX is a d/b/a with a principal place of business at 5301 Office Park Dr., Ste 210, Bakersfield, CA 93309.

23. DPS Nutrition, Inc. is licensed in the State of Pennsylvania, with a principal place of business address at 29 Stauffer Industrial Park, Taylor, PA 18517.

24. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 250, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## FACTUAL ALLEGATIONS

25. Plaintiff Yacu reviewed both Defendant EFX and DPS's websites prior to purchasing the Product through Defendant DPS's website.

26. Plaintiff Yacu reasonably relied on the information provided by Defendants when making the decision to purchase the Product.

27. Defendants' claims are not supported by competent and reliable scientific evidence.

28. Defendants had access, but knowingly and/or recklessly ignored all competent and reliable scientific evidence regarding the Product and creatine monohydrate, the compound in which they continuously, and improperly, compare their Product.

29. Defendants use the false, fraudulent, misleading, unfair and deceptive claims, "Kre-Alkalyn® EFX is 'buffered' creatine that does not convert into creatinine prior to reaching skeletal muscle tissue", "The worlds only creatine tht doesn't lose potency before reaching muscle" and "Kre-Alkalyn EFX remains 100 percent stable and reaches muscle cells at full strength." (Exhibits A and B).

30. There is no competent and reliable data to support these claims.

31. Defendants use the false, fraudulent, misleading, unfair and deceptive claims, "…without puffy bloating…" and "Get the body without the BLOAT!" (Exhibits A and B).

32. There is no competent and reliable data to support these claims.

33. Defendant EFX uses the false, fraudulent, misleading, unfair and deceptive claims, "Now what if a creatine could be completely stabilized?  It would mean **no need to load** or cycle.  And you'd **only need a small amount since the full dose could finally reach your muscle cells intact**." (Exhibit A).

34. There is no competent and reliable data to support these claims.

35. Defendant EFX uses the false, fraudulent, misleading, unfair and deceptive claims, "Kre-Alkalyn® goes head-to-head with Creatine Monohydrate and wins hands down!" (Exhibit A).

36. There is no competent and reliable data to support this claim.

## CLASS ALLEGATIONS

37. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

38. Plaintiff brings this action on his own behalf and as a Class Action Pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek certification of the following Class:

   All Persons in the United States who have spent money purchasing the above stated Products from Defendants from four years from the first-filed complaint in this action until the final disposition of this and any and all related cases.

39. The abundance of Class Members renders joinder of all Class members individually, in one action or otherwise, impractical.

40. This action involves questions of law and fact common to Plaintiff and Class Members including:

(a) Whether Defendants violated the California Civil Code Section 1750 et seq;

(b) Whether Defendants violated the California Business & Professions Code Section 17200 et seq;

(c) Whether Defendants violated any State Consumer Protection Statute;

(d) Whether Defendants were negligent;

(e) Whether Defendants committed fraud;

(f) Whether Defendants breached express and implied warranties;

(g) Whether Defendants intentionally misrepresented the Product to consumers;

(h) Whether Defendants negligently misrepresented the Product to consumers;

(i) Whether Defendants were unjustly enriched as a result of their retention of the benefits conferred by Plaintiff and Class Members; and

(j) Whether Plaintiff and Class Members sustained damages and, if so, the proper measure of damages, restitution, equitable or other relief, and the amount and nature of such relief.

41. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and lack interests adverse to or which directly conflict with the interest of the Class Members.

42. Plaintiff has engaged legal counsel, experienced in complex class action litigation, to prosecute this action. Counsel shall effectively assert, protect, and represent the rights of Plaintiff and the absent Class Members.

43. Plaintiff's claims are typical of those of the absent Class Members because Plaintiff and the Class Members each a sustained damage arising from Defendant's wrongful conduct, as alleged more fully herein.

44. This action is brought under Fed. R. Civ. P. 23 because Defendants acted on grounds generally applicable to all Class Members.

45. A class action promotes an efficient and economical judicial determination of the common legal and factual issues essential to this case over piecemeal individual determinations.

46. Plaintiff knows of no difficulty encountered in the management of this litigation precluding maintenance as a class action.

## CHOICE OF LAW

### California's Substantive Law Applies
### to the Nationwide Class Members

47. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48. California's substantive laws apply to the proposed nationwide Class, as set forth in this complaint, because Plaintiff properly brings this action in this District.  A United States District Court sitting in diversity presumptively applies the substantive law of the State in which it sits.

49. The Court may constitutionally apply California's substantive laws to Plaintiff and Nationwide Class Members' claims under the Due Process Clause of the Fourteenth Amendment, § 1, and the Full Faith and Credit Clause, Art. IV, § 1, of the United States Constitution.  The claims asserted by Plaintiff contain significant contact, or significant

aggregation of contacts, to ensure an adequate state interest and supports the choice of California state law as just and reasonable.

50. Defendants' conduct substantial business in California providing California with an interest in regulating Defendants' conduct under California laws. Defendants' decision to regularly conduct business in California and avail itself of California's laws render the application of California law to the claims at hand constitutionally permissible.

51. The injury to the Plaintiff and a significant number of proposed Class Members by virtue of the misconduct alleged, occurred in California. Plaintiff Yacu resides in California and purchased Defendants' Product in California. A substantial number of the proposed Nationwide Class reside in California and purchased Defendants' Product in California.

52. The application of California's laws to the proposed Nationwide Class Members is also appropriate under California's choice of law rules because California has significant contacts to the claims of the Plaintiff and the Nationwide Class Members.

## CAUSES OF ACTION

### COUNT I

### Violation of California Legal Remedies Act

### (On Behalf of Class Against Defendants)

53. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

54. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth herein.

55. This cause of action is brought on behalf of all people of the State of California in accordance with the provisions of the California Legal Remedies Act (California Civil

Code section 1770).  Class members have lost money or property as a result of Defendants' actions as set forth herein.

56. Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct of violation of the California Legal Remedies Act since Defendants are still representing that the Product has characteristics and abilities which are false and misleading.

57. Defendants' wrongful business practices have caused injury to Plaintiffs and the Class.

58. Pursuant to section 1770 of the California Civil Code, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in this complaint.  Plaintiff and the Class seek an order requiring Defendants to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class. Plaintiff and the Class also seek Punitive Damages since Defendants were put on notice of its violations of the California Legal Remedies Act and took no remedial actions.

## COUNT II

### Violation of California Business and Professions

### Code Sections 17200 Et Seq.

### (On Behalf of Class Against Defendants)

59. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

60. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth herein.

61. Defendants' actions as alleged in this complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code section 17200

in that Defendants' actions are unfair, unlawful, and fraudulent, and because Defendants have made unfair, deceptive, untrue or misleading statements in advertising media, including the internet, within the meaning of California Business and Professions Code sections 17500, et seq.

62. Defendants' business practices, as alleged herein, are unfair because they offend established public policy and/or immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are potentially mislead by the facts set forth herein.

63. Defendants' business practices alleged herein are unlawful because the conduct constitutes false marketing and advertising and other causes of actions alleged herein.

64. Defendants' business practices as alleged herein are fraudulent because they are likely to deceive customers into believing that the Product is more effective and superior to creatine monohydrate.

65. Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendants are marketing and selling the Product in a manner likely to deceive the public.

66. Defendants' wrongful business practices have caused injury to the Plaintiff and the Class.

67. Pursuant to section 17203 of the California Business and Professions Code, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in this complaint.  Plaintiff and the Class also seek an order requiring Defendants to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

## COUNT III

### Violation of State Consumer Protection Statutes

### (On Behalf of Class Against Defendants)

68. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

69. Plaintiff and Class Members acted as consumers, purchasing the Products for personal, family or household purposes.  The Products qualify as a "good," or "merchandise," under various state Consumer Protection Statutes and the Class Members' purchases of the Products constitute a "transaction".

70. Defendants, in connection with the sale of the Products, engaged in deceptive, unconscionable, unfair, fraudulent and misleading commercial practices.

71. Defendants concealed, suppressed, or omitted material facts with the intent that Plaintiff and Class Members rely upon such concealment, suppression or omissions.  Defendants' objectively deceptive conduct had the capacity to deceive reasonable consumers under the circumstances.

72. Defendants' general course of conduct impacted the public because the acts were part of a generalized course of conduct affecting numerous consumers.

73. Defendants' conduct, which included deception, fraud, false pretenses, false promises, misrepresentations, and the knowing concealment, suppression, or omission of material facts caused the resulted injury in fact and an ascertainable loss of money or property to Plaintiff and Class Members.  The resulting injury to Plaintiff and Class Members was reasonably foreseeable by Defendants.

74. Plaintiff, on behalf of himself and Class Members, seek to recover the damages suffered, including actual and punitive damages, restitution of all monies wrongfully acquired by

Defendants as a result of this misconduct, injunctive and declaratory relief, attorney fees

and costs of suit and other non-monetary relief as appropriate.

75. The aforementioned practices by Defendants violated consumer protection laws:

| State | Citation |
|---|---|
| Alabama | Ala. Code §§ 8-19-1 to 8-19-15 |
| Alaska | Alaska Stat. §§ 45.50.471 to 45.50.561 |
| Arizona | Ariz. Rev. Stat. Ann. §§ 44-1521 to 44-1534 |
| Arkansas | Ark. Stat. Ann. §§ 4-88-101 to 4-88-115 |
| California | Cal. Civ. Code §§ 1750 to 1784 |
| | Cal. Bus. & Prof. Code §§ 17200 to 17209 |
| Colorado | Col. Rev. Stat. §§ 6-1-101 to 6-1-1001 |
| Connecticut | Conn. Gen. Stat. §§ 42-110a to 42-110q |
| Delaware | Del. Code. Ann. tit. 6, §§ 2501 to 2598 |
| District of Columbia | D.C. Code Ann. §§ 28-3901 to 28-3909 |
| Florida | Fla. Stat. Ann. §§ 501.201 to 501.976 |
| Georgia | Ga. Code Ann. §§ 10-1-370 to 10-1-438 |
| Hawaii | Hawaii Rev. Stat. §§ 481A to 481X |
| Idaho | Idaho Code §§ 48-601 to 48-619 |
| Illinois | Ill. Rev. Stat. ch. 815, §§ 505 to 601 |
| Indiana | Ind. Code Ann. §§ 24-5-0.5 to 24-5-25 |
| Iowa | Iowa Code Ann. §§ 714.16 to 7.14.26, 714A, B, D |
| Kansas | Kan. Stat. Ann. §§ 50-623 to 50-6107 |
| Kentucky | Ky. Rev. Stat. §§ 367.110 to 367.993 |
| Louisiana | La. Rev. Stat. Ann. §§ 51:1401 to 51:1425 |
| Maine | Me. Rev. Stat. Ann. tit. 5, §§ 205A to 214 |
| | Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216 |
| Maryland | Md. Com. Law Code Ann. §§ 13-101 to 13-501 |
| Massachusetts | Mass. Gen. Laws Ann. ch 93A §§ 1 to 11 |
| Michigan | Mich. Comp. Laws §§ 445.901 to 445.922 |
| Minnesota | Minn. Stat. Ann. §§ 325D.09 to 325D.16 |
| | Minn. Stat. Ann. §§ 325D.43 to 325D.48 |
| | Minn. Stat. Ann. §§ 325F.67 to 325F.99, 325G |
| Mississippi | Miss. Code. Ann. §§ 75-24-1 to 75-24-175 |
| Missouri | Mo. Rev. Stat. §§ 407.010 to 407.1355 |
| Montana | Mont. Code. Ann. §§ 30-14-101 to 30-14-143 |
| Nebraska | Neb. Rev. Stat. §§ 59-1601 to 59-1623 |
| | Neb. Rev. Stat. §§ 87-301 to 87-306 |

| Nevada | Nev. Rev. Stat. §§ 598.0903 to 598A |
| --- | --- |
| New Hampshire | N.H. Rev. Stat. Ann. §§ 358-A:1 to 358-A:13 |
| New Jersey | N.J. Stat. Ann. §§ 56:8-1 to 56:8-184 |
| New Mexico | N.M. Stat. Ann. §§ 57-12-1 to 57-12-26, 12B |
| New York | N.Y. Gen. Bus. Law §§ 349 to 350-f-1 |
| North Carolina | N.C. Gen. Stat. §§ 75-1 to 75-115 |
| North Dakota | N.D. Cent. Stat. §§ 51-15-01 to 51-15-11 |
| Ohio | Ohio Rev. Code Ann. §§ 1345.01 to 1345.99 |
| | Ohio Rev. Code Ann. 4165.01 to 4165.04 |
| Oklahoma | Okla. Stat. Ann. tit. 15, §§ 751 to 799 |
| | Okla. Stat. Ann. tit. 78, §§ 51 to 55 |
| Oregon | Or. Rev. Stat. §§ 646.605 to 646.656 |
| Pennsylvania | Pa. Stat. Ann. tit. 73, §§ 201-1 to 210-6 |
| Rhode Island | R.I. Gen. Laws §§ 6-13.1-1 to 6-13.1-28 |
| South Carolina | S.C. Code §§ 39-5-10 to 39-5-170 |
| South Dakota | S.D. Codified Laws Ann. §§ 37-24-1 to 37-24-48 |
| Tennessee | Tenn. Code Ann. §§ 47-18-101 to 47-18-5304 |
| Texas | Tex. Bus. & Com. Code Ann. §§ 17.01 to 17.904 |
| Utah | Utah Code Ann. §§ 13-11-1 to 13-11-23 |
| Vermont | Vt. Stat. Ann. tit. 9, §§ 2451 to 2480n |
| Virginia | Va. Code §§ 59.1-196 to 59.1-207 |
| Washington | Wash. Rev. Code §§ 19.86.010 to 19.86.920 |
| West Virginia | W. Va. Code §§ 46A-6-101 to 46A-6-110 |
| | W. Va. Code §§ 46A-7-101 to 46A-7-115 |
| Wisconsin | Wis. Stat. §§ 100.01 to 100.55 |
| Wyoming | Wyo. Stat. §§ 40-12-101 to 40-12-509 |

## Count IV

## Negligence

### (On Behalf of Class Against Defendants)

76. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

77. Defendants have a duty to refrain from false, fraudulent, misleading, unfair and deceptive

advertising, marketing, and labeling of the Products in which they sell.

78. Defendants breached the duty to refrain from false, fraudulent, misleading, unfair and deceptive advertising, marketing, and labeling of the Product.

79. As a direct result of the false, fraudulent, misleading, unfair and deceptive advertising, marketing, and labeling, Plaintiff and Class Members were tricked into purchasing Product.

80. Plaintiff and Class Members relied on Defendants' claims and spent their money, which they otherwise would not have, in purchasing the Product.

**Count V**

**Fraud**

**(On Behalf of Class Against Defendants)**

81. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

82. Defendants misrepresented the efficacy and results associated with the use of the Product through advertising and labeling.

83. Defendants' statements about the Product are false, misleading, unfair and deceptive.

84. Defendants market and design advertisements targeted at the Plaintiff and Class members. Defendants intended Plaintiff and Class Members to rely on its representation of the Product.

85. Defendants knew that the representations set forth herein were false when such representations were made and/or made the representations recklessly and without regard for the truth.

86. Plaintiff and Class Members reasonably relied upon Defendants' false representations in purchasing the Product.

87. Defendants' misleading and fraudulent conduct was knowing, deliberate, wanton, willful, oppressive and undertaken in conscious disregard of, and with reckless indifference to, Plaintiffs and Class Members' interest, and otherwise of the character warranting the imposition of punitive damages.

88. Plaintiff and Class Members suffered real economic losses and harm as a result of Defendants' intentional misrepresentations and active concealment, as set forth specifically herein.

89. Plaintiff's and the Class Members' reliance on Defendants' representations were a substantial factor in causing the harm to Plaintiff and Class Members.

**Count VI**

**Breach of Express and Implied Warranties**

**(On Behalf of Class Against Defendants)**

90. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

91. The Product is a "good" within the meaning of Uniform Commercial Code Article 2.

92. Defendants' conduct as described herein constitutes a breach of express warranty of affirmation.  In particular, each and every assertion of the Defendant regarding the efficacy and results of the use of the Product.

93. Defendants' conduct as described herein constitutes a breach of an implied warranty of merchantability.  In particular, the Product was not merchantable at the time of sale because Defendants' Product did not conform to Defendants' promises and affirmations on the labeling contained in the Defendants' websites and Product label.

94. Defendants' conduct as described herein constitutes a breach of an implied warranty of fitness for a particular purpose.  In particular, Plaintiff relied upon Defendants' false, misleading, unfair and deceptive claims when purchasing the Product.

95. As a proximate result of the aforementioned wrongful conduct and breach, Plaintiff and Class Members have suffered and will continue to suffer damages and economic loss in an amount to be proven at trial.  Defendants had actual or constructive notice of such damages.

96. The aforementioned practices by Defendants violate the following states laws regarding express and implied warranties:

| State | Citation |
|-------|----------|
| Alaska | §42.02.313-315 |
| Alabama | Code § 7-2-313-315 |
| Arizona | Arizona Rev. Stat. Ann. § 47-2313-315 |
| Arkansas | Code Ann. § 4-2-313-315 |
| California | California Commercial Code §2313-315 |
| Colorado | Colorado Rev. Stat. § 4-2-313-315 |
| Connecticut | Conn. Gen. Stat. Ann. § 42a-2-313-315 |
| District of Columbia | D.C. Stat. § 28:2-313-315 |
| Hawaii | Haw. Rev. Stat. § 490:2-313-315 |
| Indiana | Ind. Code § 26-1-2-313-315 |
| Kansas | Kansas Stat. Ann. § 84-2-313-315 |
| Louisiana | La. Civ. Code. Ann. Art. 2520 |
| Maine | 11 Maine Rev. Stat. Ann. § 2-313-315 |
| Massachusetts | Mass. Gen. Laws Ann. 106 § 2-313-315 |
| Minnesota | Minn. Stat. Ann. § 336.2-313-315 |
| Mississippi | Miss. Code Ann. § 75-2-313-315 |
| Missouri | Missouri  Rev. Stat. §400.2-313-315 |
| Montana | Mont. Code Ann. 30-2-313-315 |
| Nebraska | Neb. Rev. Stat § 2-313-315 |
| Nevada | Nev. Rev. Stat. §104.2313-315 |
| New Hampshire | N.H. Rev. Stat. § 382-A:2-313-315 |
| New Jersey | N.J. Stat. Ann. 12A:2-313-315 |
| New Mexico | N.M. Stat. Ann. § 55-2-313-315 |
| New York | N.Y. U.C.C. Law § 2-313-315 |
| North Carolina | N.C. Gen. Stat. Ann. § 25-2-313-315 |
| Oklahoma | Okla. Stat. Ann. Tit. 12A, § 2-313-315 |

| Oregon | Or. Rev. Stat. § 72.3130-150 |
| Pennsylvania | Pa. Stat. Ann. Tit. 13, § 2313-315 |
| Rhode Island | R.I. Stat. § 6A-2-313-315 |
| South Carolina | S.C. § 36-2-313-315 |
| South Dakota | S.D. Cod. Laws § 57A-2-313-315 |
| Tennessee | Tenn. Code. Ann. § 47-2-313-315 |
| Texas | Tex. Bus. & Com. Code Ann. §2.313-315 |
| Utah | Ut. Code Ann. § 70A-2-313-315 |
| Vermont | Vt. Stat. Ann. § 2-313-315 |
| Washington | Wa. Ann. 62A.2-313-315 |
| West Virginia | W. Va. Code § 46-2-313-315 |
| Wyoming | Wyo. Stat. 34.1-2-313-315 |

## Count VII

### Intentional Misrepresentation

### (On Behalf of Class Against Defendants)

97. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

98. Defendants intentionally misrepresented and concealed from consumers the true nature of the Product, which made false, deceptive and illusory the sale of such goods.

99. These representations were intentionally made to potential customers and the general public through uniform false, misleading, and deceptive claims, through made media and point-of-sale advertising, and through other information prepared or disseminated by Defendants.  As a direct and proximate result of these false, misleading, and deceptive claims, Plaintiff and the Class Members have been damaged in an amount to be proven at trial.

100.      Defendants at all times knew that Plaintiff and Class Members relied upon the false, misleading, and deceptive claims provided by Defendants, and the materiality of such claims is established by State and Federal law.  Defendants' false, misleading and

deceptive claims were intended to influence consumers' purchasing decisions and were intentionally done with disregard for the rights of consumers.

### Count VIII

### Negligent Misrepresentation

### (On Behalf of Class Against Defendants)

101.  Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

102.  Defendants negligently and/or recklessly misrepresented and concealed from consumers the true nature of the Product, which made false, deceptive and illusory the sale of such goods.

103.  These representations were negligently or recklessly made to potential customers and the general public through uniform false, misleading, and deceptive claims, through made media and point-of-sale advertising, and through other information prepared or disseminated by Defendants.  As a direct and proximate result of these false, misleading, and deceptive claims, Plaintiff and the Class Members have been damaged in an amount to be proven at trial.

104.  Defendants at all times knew that Plaintiff and Class Members relied upon the false, misleading, and deceptive claims provided by Defendants, and the materiality of such claims is established by State and Federal law.  Defendants' false, misleading, and deceptive claims were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers.

## Count IX

### Unjust Enrichment

### (On Behalf of Class Against Defendants)

105.      Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

106.      The actions of the Defendants, in creating and executing a scheme by which the Defendants made numerous false, fraudulent, misleading, unfair and deceptive claims, unjustly enriching the Defendants with millions of dollars at the expense of the Class Members.

107.      The actions of the Defendants in creating and executing this scheme are wrongful, and the Defendants are not entitled to retain the money derived from this scheme.

108.      As a result, the Defendants have been unjustly enriched at the expense of Plaintiff and the Class.

109.      "The unjust enrichment claim can be made from common classwide proof." Westways World Travel, Inc. v. AMR Corp., 218 F.R.D. 223, 239 (C.D. Cal. 2003) (certifying a nationwide class where Plaintiff alleged Defendants were unjustly enriched through a common scheme.). "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the Defendant was unjustly enriched. At the core of each state's law are two fundamental elements - the Defendant received a benefit from the Plaintiff and it would be inequitable for the Defendant to retain that benefit without compensating the Plaintiff. The focus of the inquiry is the same in each state." In re Mercedes-Benz Tele Aid Contract Litig., 257 F.R.D. 46,58 (D.N.J. Apr. 24, 2009), quoting Powers v. Lycoming Engines, 245 F.R.D. 226, 231 (E.D. Pa. 21 2007).

110.    Plaintiff and Class members conferred a benefit on Defendant when they
purchased the Product.

111.    Defendant has been unjustly enriched in retaining the revenues derived from
Class members' purchases of the Product, the retention of which under these
circumstances is unjust and inequitable because Defendant's Product was defective in
design, were not fit for their ordinary and intended use, and performed in accordance with
neither the advertisements, marketing materials and warranties disseminated by
Defendant nor the reasonable expectations of ordinary consumers and caused the Plaintiff
and Class members to lose money as a result thereof.

112.    Plaintiff and Class members suffered a loss of money as a result of Defendant's
unjust enrichment because: (a) they would not have purchased the Product on the same
terms if the true facts concerning the defective Product had been known; (b) they paid a
price premium due to the fact the Product would be free from defects; and (c) the Product
did not perform as promised.

113.    Because Defendant's retention of the non-gratuitous benefit conferred on them by
Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to
Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and the Class Members demand judgment in their favor against
the Defendants, individually, jointly and severally, as follows:

a.  A determination that this action proceed as a class action and Plaintiff adequately
represents the Class;

b.  For compensatory, consequential and special damages in amounts proved, as well as statutory damages, including a return of all amounts paid for the Products sold by the Defendants to the Plaintiffs and the Class Members;

c.  For interest thereon, in the maximum amount allowable under applicable law;

d.  For delay damages thereon, in the maximum amount allowable under applicable law;

e.  For costs of suit, in the maximum amount allowable under applicable law;

f.  For punitive damages, to the maximum amount permitted under applicable law;

g.  For an award of attorneys' fees and costs, to the maximum amount permitted under applicable law;

h.  For injunctive relief, restraining and enjoining the Defendants from continuing to use these deceptive sales tactics;

i.  For such other and further relief for the Plaintiff and Class Members as this Honorable Court shall deem just.

Date:  April 25, 2012                                    Respectfully Submitted,


/s/ Brian Tomina_____
Brian Tomina
Attorney for Plaintiff
950 W. University Drive, #200
Rochester, Michigan  48307
248.327.6556

## DEMAND FOR JURY TRIAL

Plaintiff and the Class Members demand trial by jury as to all matters and issues triable.

Date:   April 25, 2012                                        Respectfully Submitted,


                                                    /s/ Brian Tomina_____
                                                    Brian Tomina
                                                    Attorney for Plaintiffs
                                                    950 W. University Drive, #200
                                                    Rochester, Michigan  48307
                                                    248.327.6556

# EXHIBIT A

START     PRODUCTS     INFORMATION     INSPIRATION



## Kre-Alkalyn EFX



This is the brand that started it all on June 4th, 2002 when Kre-Alkalyn® was awarded United States manufacturing patent #6,399,661.

Kre-Alkalyn® EFX is "buffered" creatine that does not convert into creatinine prior to reaching skeletal muscle tissue. It is packaged in a purple capsule that can be administered orally. Kre-Alkalyn® EFX is manufactured exclusively by All American Pharmaceutical Corporation.

TO CREATINE'S PH LEVEL MEANS YOU FINALLY GET THE RESULTS YOU CRAVE...

Many bodybuilders, and even some supplement companies, still don't know what scientists have already known for decades: creatine is chemically unstable in liquids. Its molecules rapidly convert to *creatinine* - a useless "bio-waste" - once activated with fluids or in your stomach acids. You're left with fewer active creatine molecules and, even worse, potential side-effects that can all but wreck your training or performance!

Now what if creatine could be completely stabilized? It would mean no need to load or cycle. And you'd only need a small amount since the full dose could finally reach your muscle cells intact. Best of all, it would eliminate any chance for all those nasty side effects!

SOLVED THIS PROBLEM

### Tested For Your Protection

 Proudly made in the USA at a certified drug-free facility

### Supplement Facts

SUGGESTED USE: As a dietary supplement, take 2 capsules daily, 1 pre-workout and 1 post-workout.

**SUPPLEMENT FACTS**
Serving size: 2 capsules
Servings per container: 80

Amount Per Serving:

Kre-Alkalyn™:                        1.5 g*
pH-Correct Creatine™
(buffered creatine monohydrate)
U.S. Patent #6,399,661

*Percent Daily Values not established.

Other ingredients: Maltodextrin and magnesium stearate.

### Certificate of Analysis

 Joint Rehab
View PDF

### Buy Kre-Alkalyn EFX Now

Kre-Alkalyn EFX - All American EFX - Real Drug-Free Muscle Built Here          Page 2 of 4

The research behind Kre-Alkalyn® EFX's patent proves that creatine's speed of conversion or breakdown into creatinine (a mostly useless byproduct) is directly related to its pH - the lower the pH, the faster it converts. Furthermore, the conversion rates slow dramatically as the pH of the creatine is raised above 7 and stops completely above pH 12.



Here's why: A pH level above 12 represents the perfect ratio of Hydrogen ions to Hydroxyl ions to stop the chemical reaction of: Creatine + H20 = Creatinine.

The unique "buffering" agents in Kre-Alkalyn®® EFX effectively mop up the excess Hydrogen ions and prevent them from lowering pH. In other words, it gives creatine the ability to resist changes in pH that it normally doesn't have.

This protects the creatine molecules during transport - delivering them intact to the bloodstream so they can reach your muscle cells with 100% potency. That's the power of pH-Xact™ delivery technology!

The rationale behind Kre-Alkalyn® EFX is "creatine on demand", i.e., at the times your body needs it, which is why it requires "no loading". Taken 1 or 1.5 hours prior to physical exercise, Kre-Alkalyn® provides all the needed creatine into the blood stream, ready to enter muscle cells. At low doses (1.5 – 3 grams) Kre-Alkalyn® boosts endurance and training capacity for up to three hours. Most importantly, Kre-Alkalyn® results in strength and performance enhancement without water retention or any of the other common side-effects. Here finally was the perfect creatine.



Kre-Alkalyn® goes head-to-head with Creatine Monohydrate and wins hands down!

*Actual photos of the Bulgarian Olympic Lifters used in the study*

Twenty-four members of the Bulgarian National Weightlifting Team were selected to participate in a landmark double-blind clinical study comparing Kre-Alkalyn® to standard creatine monohydrate. The final results were shocking!

In just 60 days, the Kre-Alkalyn® group experienced an overall average strength increase of 28.5% above those in the creatine monohydrate group! Remember, these weren't "newbies". They were all world-class competitors.



In Tests of Strength Kre-Alkalyn® EFX Creatine Soundly Defeated Regular Monohydrate Giving Elite Olympic Powerlifters:

28% MORE

Think about it. If Kre-Alkalyn® worked this well for these elite Olympic athletes, just imagine what it could do for you!



**Contact EFX**

Email: info@aaefx.com
Telephone: 1.888.238.1864

5301 Office Park Drive, Ste. 210
Bakersfield, CA 93309

**Get Connected**

 Like EFX

 Follow EFX

 Watch EFX

Kre-Alkalyn EFX - All American EFX - Real Drug-Free Muscle Built Here          Page 3 of 4

1. **pH-Xact™ Delivery Technology:** Ensures optimal bio-availability of our formulas by giving them the precise pH levels necessary to rapidly shuttle nutrients to the bloodstream with maximum potency. Remember, it's not how much you take, it's how much you absorb!

2. **Buchi Analytical:** This seal is our product testing guarantee. Look for it on our full range of AAEFX physique and performance products. You deserve to have complete confidence that our products are 100% legit.

3. **BioCeuticals Research & Development:** An independent lab fully screens our products for 16 banned substances down to parts per billion...and some down to parts per trillion!

So are you ready to put an end to side effects and poor results from "old school" creatine technology? Wouldn't you like to *"Get The Body Without The Bloat"?*



When Bodybuilders And Athletes Don't Get The Results
They Want From Creatine, This Is What They Do...

They Make The Switch to Kre-Alkalyn® EFX
By All American EFX: The Patent Holder's Original Brand.



**For Best Results:**

1. On Training Days...Take 1-2 capsules with pre and post workout meals.
2. On "Off" days...Take 1-2 capsules with breakfast.
3. Stick With The First and Original: Use Kre-Alkalyn® EFX!



Once again All American EFX® has succeeded in setting the new industry standard in non-drug performance enhancement and for boosting work-out energy, intensity and strength with this breakthrough nutrient development:

# EXHIBIT B

All American EFX Kre-Alkalyn Efx Capsules - 120 Cap by All American EFX at DPS N...   Page 1 of 6

 **Welcome to The Nation's Leader In Discount Nutritional Products**
Over 3000 in stock products from over 200 name brand manufacturers.

View Basket  * Checkout Now  * Order Status  * Your Account  * FAQ's  * Contact Us  /   Qty in Basket: 0 Subtotal: $0.00

Products Categories   Please Select...   Search   Text Search   For   [        ]   Go

**Shop By Manufacturer**

- 2:1 Protein Bar
- 4 Ever Fit
- 4 Sport Life Shaker Pro
- 5 Hour Energy
- AB Fx Cream
- ABB American Bodybuilding
- Accelerated Sport Nutraceuticals
- Accessories
- Advanced Muscle Science
- AI Sports - Anabolic Innovations
- Alacer
- All American EFX
- Alpha Labs
- ALRI
- American Generic Labs
- American Whey
- AmiLean
- Amino Vital
- Anabolic Agents
- Anabolic Xtreme
- Animal Products
- Ansi
- Apex Hair No More
- Applied Nutriceuticals
- APS Nutrition
- Ast Sports Science
- Athletic Edge Nutrition
- Athletix Sports
- Avant Labs
- Avant Research
- Axis Labs
- Balance Bars
- Betancourt Nutrition
- BetaStatin
- Beverly International
- Biotest
- Black China Labs
- Blender Bottle
- Body Genie Protein Serum
- Books

## Product Information

### All American EFX Kre-Alkalyn Efx Capsules - 120 Cap
By:  All American EFX

**DPS Price:** $15.95

[ 1 ]  ● Buy It

✉ E-mail this item to a friend

📋 **Add To Your Wish List**
(We'll help you create one)

**Item #:** KR001

**EFX**

**Kre-Alkalyn EFX**

**120 capsules (750mg each)**



Get the body without the BLOAT! EFX Kre-Alkalyn. PH correct creatine. Patented creatine stabilization technology: The worlds only creatine that doesn't lose potency before reaching muscle. No Loading. No Side Effects. No Cycling. Kre-Alkalyn EFX remains 100 percent stable and reaches muscle cells at full strength. Its patent (No. 6,399,661) also that covers all pH levels from 7-14. Therefore, the pH of all other creatine products must be pH 6.9 or less-meaning they will

Subscribe To Our Email Specials List For Coupons, Sales, New Products

[ Your Email Here ]
[ Subscribe ]


- Items You Ordered
- Full Product List
- View Your Wish List
- Quick Order Form
- Request A Catalog
- Download PDF Catalog
- New Items!


Customer Service
1-800-697-4969
Order toll free



**Hot Products**

ABB Speed Shot Fruit Burst + 2 Optimum Hydro Whey Packs – 4 Cans + 2 Hydro Packs
DPS Price: $5.99

ABB Speed Shot Grape Frost + 2 Optimum Hydro Whey Packs – 4 Cans + 2 Hydro Packs
DPS Price: $5.99

Betancourt Nutrition Ripped Juice EX2 Caps – 100 Cap
DPS Price: $28.90

BPI Roxylean ECA – 60 Cap
DPS Price: $24.95

BPI Solid - 28 Tab
DPS Price: $30.60

All American EFX Kre-Alkalyn Efx Capsules - 120 Cap by All American EFX at DPS N...   Page 2 of 6

- •BPI Sports - Brain Pharma
- •BPS Bulk Performance Solutions
- •BSN
- •Caveman Foods
- •Champion Nutrition
- •Chef Jay's Tri-O-Plex
- •Clif Bars
- •Cloma Pharma
- •Cnp Professional
- •Colossal Labs
- •Con-Cret
- •Controlled Labs
- •Core Nutritionals
- •Crush Direct
- •CTD Labs
- •Cytogenix - Cytodyne
- •Cytosport
- •D & E Pharmaceuticals
- •Designer Protein & Detour
- •Designer Supplements
- •Diesel Nutrition
- •Dimaxx
- •Dorian Yates Nutrition
- •Dps Nutrition
- •Dream Tan
- •Driven Sports
- •Dymatize
- •E Pharm
- •EAS
- •Eclipse
- •Elite Delivery Elite-K
- •Emerald Balance
- •Endothil-CR
- •Endurox/Pacific Health
- •Enzyte
- •ErgoGenix
- •Est Nutrition
- •Evolution Labs
- •Fahrenheit Nutrition
- •Fitness Enterprise
- •Fitness Pro
- •Fizogen
- •Forerunner Labs
- •Freak'n Muscle
- •Fusion Bodybuilding
- •Gamma Labs
- •Garbage Performance Drink
- •Gaspari Nutrition
- •GAT German American Tech.
- •Generic Labz
- •Genisoy

degrade and lose potency in liquids. Strength, Lean Mass, Endurance. Corrected to pH 12 for maximum stability and absorption.

## Nutritional Information

Serving Size: 2 capsules

Servings Per Container: 60

| | Amount Per Serving | % Daily Value |
|---|---|---|
| Kre-Alkalyn pH-Correct Creatine | 1.5 g | |

**Ingredients:** Maltodextrin, Magnesium Stearate

**Warnings:** Keep tightly closed in a cool dry place away from children

Our objective is to continuously update our website with accurate information on our products. However, DPS Nutrition cannot be held accountable for typographical errors or product formulation changes. For absolute accuracy, please consult the products actual label before use. If you discover any inconsistencies on our website please Contact Us.

Please note that these statements have not been evaluated by the Food and Drug Administration. This product is not intended to treat, diagnose, cure ,or prevent any diseases.

**Related Categories :** Creatine Products  |  Kre-Alkalyn

Home | Return User Login

BPI Super Pro Chocolate - 3 Lb
DPS Price: $27.99

BPI Super Pro Vanilla - 3 Lb
DPS Price: $27.99

Diesel Nutrition Diesel Test Hardcore - 200 Tab
DPS Price: $37.99
Quantity pricing available!

ErgoGenix ErgoBurn *Buy 2 x 120 Cap Btls and Get a FREE 28 Cap Btl - 2 x 120 Cap + FREE 28 Cap
DPS Price: $34.95

Gaspari SizeOn Pre Contest Tangerine Orange - 24 Serv
DPS Price: $27.99

Gaspari SuperPump Max Fruit Punch - 10 Serving
DPS Price: $6.99

i Force Nutrition Beta Alanine 3000 - 500 Grams
DPS Price: $22.99

i Force Nutrition Dexaprine - 60 Cap
DPS Price: $27.97

-i Force Nutrition Tropinol - TWINPACK - 2 x 84 Cap Bottles
DPS Price: $64.99

i Force Nutrition Tropinol + Ecdy - 2 Btls
DPS Price: $47.95

i Force Nutrition Tropinol w/FREE 15 Cap Dexaprine - 84 Cap
DPS Price: $35.80

Labrada Lean Pro 8 Super Premium Protein Chocolate - 5